**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

|  |  |
|---|---|
| **Aramark Uniform & Career Apparel, Inc.,** | ) CASE No.<br>)<br>) |
| **Plaintiff/Petitioner,** | )<br>) |
| v. | )<br>) |
| **Teamsters Local 769,** | )<br>)<br>) |
| **Defendant/Respondent.** | )<br>) |

## COMPLAINT AND PETITION TO VACATE ARBITRAL AWARD

Introduction

Plaintiff/Petitioner, Aramark Uniform & Career Apparel, Inc., by its attorneys, brings this action against Defendant/Respondent, Teamsters Local 769, to vacate an arbitration opinion and award, obtain relief from the remedy awarded therein, and stay enforcement of the award pending this Court's determination as to its validity.

PARTIES

1. Plaintiff/Petitioner Aramark Uniform & Career Apparel, Inc. ("Aramark Uniform" or the "Company") maintains a principal place of business at 115 N 1st St, Burbank, CA 91502, but operates facilities nationwide, including a facility in Pompano Beach, Florida, where this dispute first arose. At all times relevant to this dispute, Aramark Uniform has been an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Defendant/Respondent Teamsters Local 769 (the "Union") maintains a principal place of business at 1385 S Andrews Ave, Pompano Beach, FL 33069. At all times relevant to this dispute, the Union has been a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and Section 301 of the LMRA, 29 U.S.C. § 185, and is recognized as the exclusive collective bargaining representative of certain employees employed by the Company at its Pompano Beach, Florida market center (the "Pompano market center").

## JURISDICTION AND VENUE

3. This action, which seeks to vacate an arbitration opinion and award issued pursuant to an arbitration procedure contained in a collective bargaining agreement, is brought under Section 301 of the LMRA, 29 U.S.C. § 185, and is consistent with the purposes and policies of the LMRA as set forth in its Section 201, 29 U.S.C. § 171.

4. Jurisdiction of this Court is based on Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. §§ 1331 and 1337.

5. Venue in this judicial district is proper under 29 U.S.C. § 185 and 28 U.S.C. § 1391. Indeed, both the Company and the Union maintain facilities and offices and do business within the Southern District of Florida, Broward County, Florida, and this Division of that District. Moreover, all of the events giving rise to this controversy, including the arbitration proceedings at issue here, occurred within the Southern District of Florida, Broward County, Florida, and this Division of that District.

## FACTS

6. Aramark Uniform is a national leader in the sale and rental of reusable textile supplies to clients servicing a broad range of industries. The Company delivers

supplies and services to its clients through Route Sales Representatives and Route Sales Support employees working in strategically located market centers nationwide. At the Pompano market center, the Company's Route Sales Representatives and Route Sales Support employees are members of a bargaining unit represented by the Union.

7. Through collective bargaining, the Company and the Union have jointly recognized the importance of creating a safe and positive workplace free of sexual harassment. Article 11.1 of the collective bargaining agreement between the parties (the "Agreement") authorizes the Company to discharge employees, without prior warning, notice, or discipline, who engage in sexual harassment: "The Company shall not discharge or suspend any employee without just cause, *excepting that no warning need be given an employee before discharge if the cause for such discharge is . . . sexual harassment*." A true and correct copy of the Agreement is attached hereto as Exhibit A. By these plain terms, the parties have expressly and explicitly agreed that the Company has just cause to discharge an employee for sexual harassment, even without prior warning. Exhibit A at 5.

8. Consistent with the parties' contractual pledge to treat sexual harassment with the gravity that it both warrants and deserves—by contractually agreeing that sexual harassment is proper grounds for immediate discharge without prior warning, notice, or discipline—the Company maintains a policy that strictly condemns and prohibits sexual harassment, "in any form," either in the workplace or during social events held at or outside of work. A true and correct copy of the Aramark Uniform policy is attached hereto as Exhibit B.

9. That policy, which all Aramark Uniform employees acknowledge at hire, defines sexual harassment in broad but appropriate terms, to include verbally coercive and physically assaultive sexual offenses, regardless of whether those offenses occur in the workplace and during social events held at or outside of work:

> Conduct prohibited by this Policy is unacceptable *in the workplace and in any work-related setting outside of the workplace*, *such as during* business trips, business meetings, and *company-sponsored social events*.

Exhibit B at 2.

### Joel Salazar's Discharge

10. At the time of his discharge, Joel Salazar ("Mr. Salazar") was a Route Sales Representative employed by Aramark Uniform at its Pompano market center.

11. Jessica Sanders ("Ms. Sanders") was, and still is, a Sales Manager also employed by the Company at its Pompano market center.

12. On January 27, 2018, Mr. Salazar attended a Company-sponsored off-hours event, arranged to reward high performers at the Company's Pompano market center, based on a consideration of various performance and production metrics. As a nationally leading uniform service provider, with dozens of market centers nationwide, and a reputation for service, quality, and reliability, the Company regularly holds such events—both at the Pompano market center and elsewhere—in an ongoing effort to drive strong sales and service performance among its employees.

13. Mr. Salazar was among several Aramark Uniform employees who attended the event. So was Ms. Sanders. The event included dinner, transportation, and tickets to a Miami Heat basketball game.

14. The Company commissioned a limousine to chauffer attendees to and from dinner and the game, supplying food and drinks for attendees to enjoy responsibly during the rides to and from dinner and the game.

15. Unlike those attendees who managed to moderate consumption responsibly, and otherwise behave respectfully, professionally, and in accordance with Company rules and expectations, Mr. Salazar chose to drink to such excess that he blacked out.

16. In addition to blacking out, Mr. Salazar touched, groped, and forced himself upon Ms. Sanders on the returning ride home, despite her repeated pleas to him to stop.

17. In addition to the unwanted physical touching and sexual advances, Ms. Sanders later explained to Company investigators that Mr. Salazar also said to her that "he'd take care of [her] pussy and do it better than [her] girlfriend."

18. Finally, Ms. Sanders explained that Mr. Salazar implored her "not to be offended" by his drunken groping, fondling, touching, and licking.

19. Ms. Sanders formally reported Mr. Salazar's unwanted physical touching and sexual advances through reporting channels made available to employees pursuant to Company policy.

20. Because of the seriousness of Ms. Sanders's complaint, the Company took immediate steps to investigate her allegations, including by interviewing all of those who reportedly witnessed Mr. Salazar's actions and behavior, and allowing Mr. Salazar an opportunity to respond to the same.

21. Interviews conducted by the Company during the course of its investigation revealed that multiple witness had observed and corroborated Ms. Sanders' complaint and allegations.

22. Mr. Salazar, by contrast, remembered nothing of the returning ride home, having earlier drank himself to blackout.

23. On January 29, 2018, the Company discharged Mr. Salazar, as authorized by Article 11.1 of the Agreement.

Grievance And Arbitration Proceedings

24. Mr. Salazar filed a grievance on February 2, 2018, alleging that Aramark Uniform did not have just cause for discharge. When the Company denied the grievance, the Union demanded arbitration.

25. Mr. Salazar's grievance was the subject of an arbitration hearing held on December 6, 2018, in Fort Lauderdale, Florida, before Arbitrator Robert E. Light (the "Arbitrator"). The issue presented to the Arbitrator in those proceedings was whether Mr. Salazar was discharged for just cause, and, if not, what shall be the remedy?

26. Ms. Sanders appeared at the hearing and testified before the Arbitrator, sharing details of her harrowing experience.

27. So too did each of the witnesses who observed Mr. Salazar's offensive and sexually explicit actions and language.

28. Mr. Salazar likewise appeared at the hearing and testified before the Arbitrator, but could not deny the allegations against him because he had drank himself to blackout, and remembered nothing of the returning ride home.

29. Months after post-hearing briefing was submitted to him for his consideration, on August 8, 2019, the Arbitrator issued an Opinion and Award.

30. In that Opinion and Award, the Arbitrator determined, based on the undisputed record before him, that Mr. Salazar had, in fact, groped, touched, and verbally harassed Ms. Sanders, in violation of Company policy. A true and correct copy of the Arbitrator's Opinion and Award is attached hereto as Exhibit C.

31. Nevertheless, the Arbitrator concluded that by supplying alcohol to the event's attendees, the Company "set in motion events which ultimately led to the termination of [Mr. Salazar]," such that mitigation was appropriate. Exhibit C at 5.

32. As such, in his Award, the Arbitrator determined that Mr. Salazar was entitled to reinstatement to his prior position but without any back pay. Id. at 7.

Unfair Labor Practice Charge And Proceedings

33. On August 22, 2019, the Union filed an unfair labor practice charge with Region 12 of the National Labor Relations Board, alleging that the Company had violated Sections 8(a)(1) and (5) of the NLRA, by refusing to comply with the Arbitrator's Opinion and Award. A true and correct copy of the Union's charge is attached hereto as Exhibit D.

34. On October 3, 2019, Region 12 issued a decision to dismiss the Union's charge, finding "insufficient evidence to establish a violation of the [NLRA]." A true and correct copy of Region 12's decision to dismiss is attached hereto as Exhibit E.

## COUNT I

### Vacation of Arbitration Award

35. Aramark Uniform incorporates by reference paragraphs 1 through 34 of this Complaint and Petition, and all allegations therein, as if fully set forth herein.

36. The Arbitrator's Opinion and Award must be vacated because, by substituting his judgment for that of the Company, despite finding that sexual harassment in fact occurred, that Opinion and Award failed to draw its essence from the Agreement, which, by its plain terms, imposes immediate discharge as the penalty for such misconduct.

37. The Arbitrator's Opinion and Award must also be vacated because it was issued in manifest disregard for public policy.

38. In the Arbitrator's Opinion and Award, the Arbitrator determined to reinstate Mr. Salazar to his prior position despite finding, based on the undisputed record before him, that Mr. Salazar groped, touched, and verbally harassed Ms. Sanders, in violation of Company policy.

39. Reinstating Mr. Salazar to his prior position, where the victim of his sexually degrading actions and behavior continues to work, violates this State's explicit, well-defined, and dominant public policy against sexual harassment in the workplace, and the affirmative duty of employers to implement that policy.

40. For all the reasons stated, as well as for other good and valid reasons, the Arbitrator's Opinion and Award should be vacated.

WHEREFORE, Plaintiff/Petitioner Aramark Uniform & Career Apparel, Inc. respectfully requests that this Honorable Court grant in its favor and against Defendant/Respondent Teamsters Local 769, by vacating, setting aside, and declaring to be null and void and of no legal effect the Arbitrator's Award dated August 8, 2019, by granting the Company's costs, and by awarding any such other relief as this Court deems to be just and proper.

Dated: November 7, 2019.                    Respectfully submitted,

*Franco D. Bacigalupo*
Franco D. Bacigalupo
Florida Bar No. 0119055
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339
Telephone: 305.415.3000
Facsimile: 305.415.3001

*Attorneys for Plaintiff/Petitioner*
*Aramark Uniform & Career Apparel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically filed the foregoing Complaint and Petition, along with Summons for Defendant/Respondent, with the Clerk of Court using CM/ECF.  I also certify that the foregoing documents are being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Franco D. Bacigalupo*
Franco D. Bacigalupo

## SERVICE LIST

David Renshaw
Teamsters Local 769
1385 SW 12th Ave
Pompano Beach, FL 33069

*Defendant/Respondent*

Arbitrator Robert Light
437 Crossfields Ln
Somerset, NJ  08873

*Arbitrator*

David Robinson
Sugarman & Susskind
100 Miracle Mile, Ste 300
Coral Gables, FL  33134

*Attorneys for Defendant/Respondent*

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** Aramark Uniform & Career Apparel, Inc.

**DEFENDANTS** Teamsters Local 769

**(b)** County of Residence of First Listed Plaintiff  Broward County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Broward County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Franco D. Bacigalupo
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300 | Miami, FL 33131

Attorneys *(If Known)*
David Robinson
Sugarman & Susskind
100 Miracle Mile, Ste 300 | Coral Gables, FL 33134

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE:     DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 185; 28 U.S.C. §§ 1331 and 1337

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE November 7, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     IFP     JUDGE     MAG JUDGE

JS 44  (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI. **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

VIII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Aramark Uniform & Career Apparel, Inc. <br><br> *Plaintiff(s)* <br> v. <br> Teamsters Local 769 <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   David Renshaw
Teamsters Local 769
1385 SW 12th Avenue
Pompano Beach, FL  33069


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Franco D. Bacigalupo
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____
                                                              _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc: