# Exhibit C

FEDERAL MEDIATION AND CONCILIATION SERVICE

CASE NO.: 180410-3458

| In the Matter of Arbitration Between | |
|---|---|
| ARAMARK UNIFORM & CAREER APPAREL<br><br>　　　　　　Employer<br><br>and<br><br>TEAMSTERS LOCAL UNION NO. 769<br><br>　　　　　　Union | OPINION<br>AND<br>AWARD |

**ARBITRATOR:**　　　　　　　　　　　　Robert E. Light, mutually chosen by the parties

**HEARING:**　　　　　　　　　　　　　　December 6, 2018 in Dania Beach, Florida

**APPEARANCES:**　　　　　　　　　　　For the Employer
　　　　　　　　　　　　　　　　　　　　Andrew L. Gniewek, Esq. (Morgan Lewis)


　　　　　　　　　　　　　　　　　　　　For the Union
　　　　　　　　　　　　　　　　　　　　Howard S. Susskind, Esq.
　　　　　　　　　　　　　　　　　　　　　　(Sugarman & Susskind)
　　　　　　　　　　　　　　　　　　　　David A. Renshaw, Business Representative
　　　　　　　　　　　　　　　　　　　　Joel Salazar, Grievant


**ISSUES:**　　　　　　　　　　　　　　　Was there just cause for the discharge of Joel
　　　　　　　　　　　　　　　　　　　　Salazar? If not, what shall be the remedy?

1

## BACKGROUND

A hearing in this matter was held in Dania Beach, Florida on December 6, 2018, with both sides present and duly represented by counsel and with both parties having full and complete opportunity to offer evidence and argument in support of their respective contentions. As was arranged at the hearing, both counsel filed post-hearing briefs, after which time the hearing was declared closed.

Aramark Uniform & Career Apparel (hereinafter the "Employer" or the "Company") and Teamsters Local Union No. 769 (hereinafter the "Union") are signatories to a collective bargaining agreement covering the period November 11, 2017 through September 25, 2020. (Joint Exhibit No. 1). A grievance was filed by the Union on February 2, 2018 protesting the termination of Joel Salazar, a sales representative for the Company who had been terminated by the Company on January 29, 2018. The letter of termination of January 29, 2018 reads, in relevant part, as follows:

> Brief Summary:
> On 1/27/18, RSR Joel Salazar, participated in an attendance optional market center celebration dinner and event with other employees. Towards the end of the evening, Joel made highly inappropriate comments to a female employee that were sexual in nature. A witness saw Joel place his head on the female employee's breasts, as well as grab the female round the lower waist/buttock area. Joel's behavior was not welcome, and the female employee pushed Joel away after repeatedly telling him to stop.
>
> Joel's behavior is a violation of Aramark's Policy Against Sexual Harassment at the workplace. Joel is being terminated for a BCP violation.
>
> Action to be Taken:
> Joel Salazar's employment will be terminated effective immediately.
>
> (Exhibit J-2)

2

A grievance was filed by the Union on Mr. Salazar's behalf and when it was not resolved through the course of the grievance procedure it was submitted to arbitration with the undersigned thereafter having been duly chosen by both parties.

## FACTS

Mr. Joel Salazar, the grievant herein, was employed by the Company as a Route Sales Representative and had been in the Company's employ for some ten years. An incident occurred on January 27, 2018, which led to the grievant's termination by the Company.

The Company hosted an event namely dinner and attendance at a Miami Heat basketball game on January 27, 2018. The "Top Performers" working at the Company were invited and the Company supplied dinner and alcohol for the attendees. The incident in question occurred in the "limo" wherein it is alleged that the grievant inappropriately groped and touched a female. The Company investigated the situation and ultimately terminated the grievant.

At the hearing the grievant testified respecting what occurred on the evening in question. He admitted to drinking in the limo prior to the game and testified that he was already drunk when they went to the basketball game. He frankly stated that he did not remember much about what occurred in the limo, although an eyewitness who was in the limo did testify respecting what he saw. That witness' testimony was that the grievant inappropriately groped and tried to kiss the female.

At the hearing Mr. Salazar testified in his own behalf. He stated that he had been drinking prior to the game and that he was already drunk when they arrived at the game. In all candor, he stated that he does not remember much of what occurred since he was in a drunken state.

## POSITION OF THE EMPLOYER

The Employer takes the position that there was just cause for the termination of Mr. Salazar and it requests that the arbitrator sustain its position in that regard. It points out that what is involved in this case is sexual harassment and that the grievant chose to drink to excess, notwithstanding the fact that it was the Employer who initially supplied alcohol to the employees. In any event, it argues that what is involved here is unwelcome sexual aggression and it requests that the arbitrator sustain the termination based upon this sexual harassment.

The Employer points out that sexual harassment is grounds for immediate discharge and no warning need be given to an employee before discharge, if the cause for such discharge is sexual harassment. It maintains that the female reported the incident to management as soon as she returned to work after the weekend. His inappropriate words that "he'd take care of her pussy and do it better than her girlfriend" was totally inappropriate and an infraction of Company policy. It requests that the arbitrator sustain its position in terminating the grievant.

## POSITION OF THE UNION

The Union, on the other hand, takes the position that there was not just cause for the termination of Mr. Salazar and it requests that he be reinstated to his prior position with full back pay and be made whole. The Union points to the mitigating circumstances present here namely, that Mr. Salazar was a model employee, has worked for the Company for approximately six years, and had a clean work record. In fact, it points out to the arbitrator that in 2013 and 2018 Mr. Salazar was recognized as a top sales person for his plant. While the Union does not condone the grievant's actions, it maintains that he should be reinstated to his job with a lesser form of punishment perhaps being meted out.

## DISCUSSION

The arbitrator has carefully weighed all of the evidence in the case including the testimony of the witnesses at the hearing, the arguments of respective counsel as made both at the hearing and in the post-hearing briefs, the contract and the exhibits prior to reaching his decision. Initially, the arbitrator notes that we are dealing here with a relatively long service employee who had a good record which, of course, the exception being his involvement in the instant matter. To be sure, there is nowhere that sexual harassment should be tolerated in the workplace. Where it is found to exist, companies must and usually do take swift and decisive action including terminating the employee who engages in such conduct. Indeed, this arbitrator has, on many occasions, sustained discharges of employees who engaged in sexual misconduct in the workplace. This case however, is somewhat different than the "usual" type of cases in that the employer set in motion events which eventually led to the termination of the grievant.

As was persuasively argued by Union counsel, the Company should have considered mitigation under these facts that would have led it to impose a lesser form of discipline. That is to say, as the facts reveal, the drinking that occurred in the limousine was due to the liquor being supplied by the Company. Does that fact in and of itself absolve the grievant from the conduct which he exhibited on the night in questions? The answer to that is no, however, it is a mitigating circumstance and must be taken into account by this arbitrator with respect to the penalty imposed upon the grievant. While it certainly does not absolve the grievant of the actions which he took, this arbitrator must take into account the aforementioned fact as well as the grievant's prior good record and the manner in which he testified at the arbitration hearing. Moreover, the policy which the Company has with respect to violations of this sort does not

mandate termination but it does subject the grievant here to appropriate discipline "up to and including dismissal."

In the view of this arbitrator a fair, just and equitable decision here is that the grievant be reinstated to his prior position with the Employer but that the reinstatement be without any back pay award. In the view of this arbitrator, that is the fair, just and equitable decision that flows from the unique facts and circumstances present in this case.

Therefore, the undersigned having duly heard all of the proofs and allegations of the parties to this proceeding makes the following award:

## AWARD

There was not just cause for the discharge of Joel Salazar. He shall be reinstated to his prior position with the Employer but that reinstatement shall be without any back pay.

*[signature]*

ROBERT E. LIGHT, ARBITRATOR

## AFFIRMATION

I, Robert E. Light, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Opinion and Award.

Dated: August 8, 2019

*[signature]*

Robert E. Light, Arbitrator

ROBERT E. LIGHT
LABOR ARBITRATOR
437 CROSSFIELDS LANE
SOMERSET, NJ 08873
(732) 748-0404
(732) 748-0473 FAX
Federal Tax ID# 81-3266347

August 8, 2019

**VIA EMAIL: ANDREW.GNIEWEK@MORGANLEWIS.COM**
Andrew L. Gniewek, Esq.
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

**VIA EMAIL: BSUSSKIND@SUGARMANSUSSKIND.COM**
Howard S. Susskind, Esq.
Sugarman & Susskind, PA
100 Miracle Mile, Suite 300
Coral Gables, FL 33134

RE:   Aramark Uniform & Career Apparel
      and
      Teamsters Local Union No. 769

**FINAL BILL FOR PROFESSIONAL SERVICES RENDERED**:

Hearing of December 6, 2018 in Dania Beach, Florida;
Analysis of record which included testimony of
the witnesses at the hearing, exhibits, post-hearing
briefs; Preparation of Opinion and Award;
travel and incidental expenses                                        $7,300.00


Payable by Employer                                                   $3,650.00
Payable by Union                                                      $3,650.00


NOTE: Please return copy of this invoice with your payment.

8